1

**Marquis Aurbach Coffing**
Nick D. Crosby, Esq.
Nevada Bar No. 8996
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
ncrosby@maclaw.com
*Attorneys for LVMPD*

2

3

4

5

6

7

## UNITED STATES DISTRICT COURT

8

## DISTRICT OF NEVADA

9

FILIP C. IACOB,

10
                                    Plaintiff,              Case No.:    2:14-cv-00923-JAD-GWF

11

vs.

12

LAS VEGAS METROPOLITAN POLICE
DEPARTMENT; AND DOE DEFENDANTS
I-X,

13

14

15
                                    Defendant.

16

17

## STIPULATED PROTECTIVE ORDER

18

        Plaintiff seeks to obtain, inspect and copy documents and/or things which the Las

19

Vegas Metropolitan Police Department ("Department") contends contains private and sensitive

20

information, confidential information of Department, its officers and employees, its internal

21

investigative and administrative actions, and other confidential information.  Pursuant to an

22

agreement by the Parties, the Court hereby enters the following Order for Protection

23

("Protective Order"):

24

## TERMS OF PROTECTIVE ORDER

25

## DEFINITIONS

26

The following definitions apply to the Protective Order:

27

1.      <u>Party</u>.  Any party to this action, including all of its officers, directors, employees,

28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1 consultants, experts, and outside counsel. Party, as used in this Protective Order, shall also refer
2 to the Las Vegas Metropolitan Police Department, and its officers, agents and employees.

3     2.     <u>Disclosure or Discovery Material</u>.  All items or information, regardless of the
4 medium or manner generated, stored, or maintained (including, among other things, testimony,
5 transcripts, or tangible things) that are produced or generated in disclosures or responses to
6 discovery in this matter.

7     3.     <u>"Confidential" Information or Items</u>.  "Confidential" Information is information
8 (regardless of how generated, stored or maintained) or tangible things that merits protection
9 under Rule 26(c) of the Federal Rules of Civil Procedure. While the parties do not hereby agree
10 to the production of any specific document or category of document, or that any specific
11 document or category of document merits legal protection from disclosure, and each Party
12 reserves the right to contest a designation of a document or other material marked as
13 "Confidential," "Confidential Information **may** include the following:, (a) information that
14 qualifies for protection under the law enforcement investigative and/or official information
15 privileges, or that contain Criminal History Information; (b) personal information regarding
16 individuals including Social Security Numbers, dates of birth and medical information which a
17 person would have a reasonable expectation of privacy; and (c) information concerning,
18 regarding, or as a result of covert or undercover law enforcement investigation(s) technique(s),
19 method(s) or source(s), including the identity of any confidential informant, undercover officer
20 information, or information referring to any undercover or active criminal investigations.
21 Confidential Information does not include information that: (a) is in the public domain at the
22 time of disclosure; (b) becomes part of the public domain through no fault of the Receiving
23 Party; or (c) the Receiving Party can show was in its rightful and lawful possession at the time of
24 disclosure.

25     4.     <u>Receiving Party</u>.  A Party that receives Disclosure or Discovery Material or
26 Confidential Information from a Producing Party.

27     5.     <u>Producing Party</u>.  A Party or third-party that produces Disclosure or Discovery

1   Material or Confidential Information in this action.

2       6.    Designating Party.  A Party or third-party that designates information or items as

3   "Confidential."

4       7.    Challenging Party:  A party that elects to initiate a challenge to a Designating

5   Party's confidentiality designation.

6       8.    Protected Material.   Any Disclosure or Discovery Material or Confidential

7   Information that is designated as "Confidential."

8       9.    Outside Counsel.   Attorneys who are not employees of a Party but who are

9   retained to represent or advise a Party in this action.

10      10.    House Counsel.  Attorneys who are employees of a Party.

11      11.    Counsel (without qualifier).  Outside Counsel and House Counsel (as well as their

12  support staffs).

13      12.    Expert.  A person with specialized knowledge or experience in a matter pertinent

14  to the litigation retained by a Party or its Counsel to serve as an expert witness or as a consultant

15  in this action.  This definition includes, but is not limited to, a professional jury or trial consultant

16  retained in connection with this litigation.

17      13.    Professional Vendor.  Person or entity that provides litigation support services

18  (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing,

19  storing, retrieving data in any form or medium; etc.) and its employees and subcontractors.

20      14.    Confidentiality Log: a Confidentiality Log must accompany any production of

21  documents designated as "Confidential" that includes the Bates numbers of the documents

22  designated (or the portions thereof) as "Confidential" and the basis for doing so. Each Producing

23  Party shall keep this log cumulatively and re-produce it every time they designate something as

24  "Confidential" so that it is a cumulative record of what the party has marked "Confidential."

25      15.    The use of the singular form of any word includes the plural, and vice versa.

26

27

28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**SCOPE**

The protection conferred by this Protective Order covers not only Protected Material, but also any information copied or extracted therefrom, as well as all copies excerpts, summaries, or compilations thereof, testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

**DURATION**

Even after the termination of this action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**DESIGNATING PROTECTED MATERIAL**

A Designating Party must exercise restraint and make good faith efforts to limit Confidential designations to specific materials that qualify for protection under the appropriate standard. Further, a Designating Party must use good faith efforts to designate for protection only those parts of material, documents, items, or communications that qualify – so that other portions of the materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate makings in the margins or redacting protected portions).

1.    Manner and Timing of Designations.  Except as otherwise provided herein, or as otherwise ordered, material that qualifies for protection under this Order must be clearly designated before it is disclosed or produced.  Designations in conformity with this Order require:

a.    For information in documentary form.  The Producing Party shall affix the legend "Confidential" on each page that contains Protected Material.  A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential."  After the inspecting Party has identified the documents it

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, and, before producing the specified documents, the Producing Party must affix the appropriate legend on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriated markings in the margins or by redacting protected portions). A Confidentiality Log must accompany any production of Protected Material that includes the Bates numbers of the documents designated (or the portions thereof) as "Confidential" and the basis for doing so. A certification by the reviewing attorney shall be made concurrently with the disclosure of the document using the form attached hereto as Exhibit A which shall be executed subject to the standards of Rule 11 of the Federal Rules of Civil Procedure, and shall be accompanied by a Confidentiality Log in the form included at Exhibit A.[1] If an unrepresented Non-party is a Producing Party and designates documents as Confidential, a certification need not be executed but a Confidentiality Log of all confidential designations still must be provided.

      b.     <u>For testimony given in deposition or in other pretrial or trial proceedings</u>.  Before the close of the deposition, hearing, or other proceeding, the Party or non-party offering or sponsoring the testimony shall identify on the record all protected testimony and further specify any portions of the testimony that qualify as "Confidential."  When it is impractical to identify separately each portion of testimony that is entitled to protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to ten (10) business days to identify the specific portions or the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection under the standards set forth herein within the ten (10) business days shall be covered by the provisions of this Protective Order.  Upon request of a Designating Party, transcript pages containing Protected Material must be separately bound by the

---

[1] The Log shall be cumulative, with documents listed in Bates number order, a new and supplemented version required each time a Designating Party designates additional documents or other materials.

court reporter, who must affix to the top of each such page the legend "Confidential" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony. Such designation shall be specific as to the portions to be protected and, if made by a Party, shall be accompanied with a certification and log on the form attached hereto as Exhibit A. A Designating Party must exercise restraint and make good faith efforts to limit "Confidential" designations to specific materials that qualify for protection under the appropriate standards.

     c. <u>For information produced in some form other than documentary, and for any other tangible items</u>.  The Producing Part shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions. Such designation shall be specific as to the portions to be protected and, if made by a Party, shall be accompanied with a certification and log on the form attached hereto as Exhibit A.

   2. <u>Inadvertent Failure to Designate</u>.  Inadvertent failure to identify documents or things as "Confidential" pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, provided that the provisions of this paragraph are satisfied. If the Designating Party discovers that information should have been but was not designated "Confidential" or if the Designating Party receives notice that would enable the Designating Party to learn that it has disclosed such information, the Designating Party must immediately notify all other parties.  In such event, within thirty (30) days of notifying all other Parties, the Designating Party must also provide copies of the "Confidential" information designated in accordance with this Protective Order.  After receipt of such re-designated information, the "Confidential" information shall be treated as required by this Protective Order.   The Receiving Party shall receive no liability, under this Protective Order or otherwise, for any disclosure of information contained in unlegended documents or things occurring before the Receiving Party was placed on notice of the Designating Party's claims of confidentiality.

   3. <u>Designating Documents Produced By Another Party or a Third Party</u>. A receiving

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

party may assert an interest in protecting information, documents, or material produced or disclosed by another party or a third party. In such event, within thirty (30) days of receipt of such materials, the Designating Party must, in writing and by completion of a certification and log on the form attached hereto as Exhibit A, request that materials be marked and treated as "Confidential" Protected Material in accordance with this Order.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

1.     <u>Burden.</u> The burden of proving the necessity of a "Confidential" designation remains with the party asserting confidentiality.

2.     <u>Notice; Opportunity to Challenge.</u> A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by giving written notice to the party who affixed (or requested) the "Confidential" designation of the specific basis for the challenge, and must confer with counsel for the Designating Party. The party who so designated the documents shall have ten (10) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the "CONFIDENTIAL" designation, and the status as Protected Material.

3.     <u>Treatment as Protected Material until order or withdrawal.</u> Notwithstanding any challenge to the designation of documents as such, all material previously designated "Confidential" shall continue to be treated as Protected Material subject to the full protections of this Order until one of the following occurs: (1) the Party who claims that the documents are Protected Material withdraws such designation in writing; (2) the Party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in paragraph 9.b. above; or (3) the Court rules that the documents are not Protected Material and/or should no longer be designated as "Confidential."

4.     <u>No Waiver.</u> Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**ACCESS TO AND USE OF PROTECTED MATERIAL**

1.     <u>Basic Principles</u>.  Protected Material may be disclosed only to the categories of persons and under the conditions described in the Protective Order.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

2.     <u>Disclosure of "Confidential" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated Confidential only to:

a.     The Parties to this action and the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation.  Counsel of Record shall be responsible for advising all of their staff of the existence of, and their confidentiality obligations under, the Protective Order, and shall be responsible for any non-compliance with the Protective Order by members of their staff that have not signed an agreement to be bound by the Protective Order;

b.     The officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed or have agreed under oath and on the record to be bound by the "Agreement to Be Bound by Protective Order" (Exhibit A);

c.     Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed or have agreed under oath and on the record to be bound by the "Agreement to Be Bound by Protective Order" (Exhibit A);

d.     The Court and its personnel;

e.     Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

f.      During their depositions or at trial, witnesses in the action to whom disclosure is reasonably necessary.  Witnesses will not be permitted to retain copies of Protected Material unless they have signed or agreed under oath and on the record to be bound by the "Agreement to Be Bound by Protective Order" (Exhibit A).   Upon request of a Designating Party, pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

g.      The author of the document or the original source of the information and recipients or addressees in the normal course of business.

h.      Counsel representing clients with present or future cases against the same defendant that arise out of the same or similar set of facts, transactions, or occurrences, provided that before disclosing my Protected Material to any such counsel, the Receiving Party must notify the Designating Party ten (10) days before disclosing such material in order to give the Designating Party an opportunity to move for a protective order preventing or limiting such disclosure;

Notwithstanding the preceding of this paragraph VI(2), a Party that has produced its, his or her own Protected Material may disclose such Protected Material to any persons, with or without any conditions placed upon such disclosure, as the Party deems appropriate.

3.      <u>Trial and Dispositive Motion Disclosure</u>.   For the purpose of trial and/or dispositive motions, the parties acknowledge that a "strong presumption in favor of access" exists.  A party seeking to seal a judicial record at trial and/or the dispositive motions stage bears the burden of establishing "compelling reasons" by "articulating compelling reasons supported by specific factual findings," that outweigh the public policies favoring disclosure.[2]

4.      <u>Disclosure of Possession of Confidential Information</u>.   All persons described in paragraph VI above shall not under any circumstances sell, offer for sale, advertise, or publicize either the Confidential Information or the fact that such persons have obtained Confidential Information.

---

[2] See <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

## PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" the Receiving Party must so notify the Designating Party, in writing (by fax or email if possible) immediately and in no event more than seven (7) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must within ten (10) calendar days inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order and deliver to such party a copy of this Protective Order. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court. Once notice is given, and five business days have elapsed, the receiving party shall have no further liability for disclosure pursuant to a subpoena or its equivalent.

## UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately and within not more than seven (7) calendar days: (a) notify in writing (using best efforts to use email or fax) the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of the Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A). The Receiving Party shall promptly notify the Designating Party of the results of its efforts with regards to (b), (c), and (d) herein. After a good faith meet and confer effort to resolve and remaining disputes concerning compliance with this paragraph, and Party, Receiving Party or Designating Party may seek relief from this Court for non-compliance

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1   with this provision.  Said relief may include, but is not limited to, preclusion of the Receiving

2   Party's use in this litigation of the Protected Material that was disclosed contrary to this

3   Protective Order, or any other sanction deemed appropriate by the Court.

4   ## PUBLICLY AVAILABLE OR PREVIOUSLY POSSESSED INFORMATION

5   The restrictions in the preceding paragraphs regarding disclosure or Protected Material do

6   not and shall not apply to information or material that: was, is, or becomes public knowledge in a

7   manner other than by violation of the Protective Order, is acquired by the non-designating party

8   from a third-party having the right to disclose such information or material; or was lawfully

9   possessed by the non-designating party before the date of this Protective Order.  However, this

10  provision shall not apply to documents and/or evidence in the Plaintiff's possession which

11  contains information subject to protection by the official information and/or law enforcement

12  investigative privileges.  The Designating Party shall act in good faith to notify the Receiving

13  Party of any change in circumstances that renders Confidential Information or Items no longer

14  Confidential within a reasonable time period after the change becomes known to the Designating

15  Party.

16  ## FILING PROTECTED MATERIAL

17  Subject to the Federal Rules of Evidence, Protected Material may be filed with the Court

18  or offered in evidence or hearing or trial of this case. This Order does not seal court records in

19  this case or apply to disclosure of Protected Material at trial. Further, the parties understand that

20  documents may be filed under seal only with the permission of the Court after proper motion.

21  Further, the fact that documents have been designated as "Confidential" shall not be admissible

22  evidence that the documents in fact contain information entitled to protection from disclosure

23  under the law.

24  With respect to non-dispositive motions and pleadings, Protected Material or information

25  derived therefrom is included with, or the contents of such a document are disclosed in, any

26  documents filed with the Clerk or this Court or any other court, the filing Party shall file said

27  document under seal.  In the event a Party seeks to file Protected Materials with the Court, those

28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

documents shall be filed under seal pursuant to Rule 10-5 of the Local Rules of Practice for the U.S. District Court of Nevada. The Party filing such Protected Materials may assert in the accompanying motion any reasons why the Protected Materials should not, in fact, be kept under seal and the Designating Party, who must be properly noticed, may likewise file a motion asserting its position that the Protected Material merits protection under Rule 26(c) of the Federal Rules of Civil Procedure. In such instances, absent extraordinary circumstances making prior consultation impractical or inappropriate, the Party seeking to submit the Protected Material to the Court shall first consult with counsel for Designating Party. This duty exists irrespective of the duty to consult on the underlying motion. Unless otherwise agreed by the Parties to permit service by some other means such as by email or facsimile, copies of any pleading, brief or other document containing Protected Material that is served on opposing counsel shall be delivered in a sealed envelope stamped:

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

and shall be treated in accordance with the provisions of this Protective Order. Subject to the Court's convenience and needs, all material files in this fashion will be kept under seal by the Clerk until further order from the Court.

### ADDITIONAL PROVISIONS

1.    <u>Modification</u>.    The Parties may modify this Protective Order by written agreement, subject to approval by the Court. The Court may modify this Protective Order.

2.    <u>Right to Assert Other Objections</u>. This Protective Order does not affect or waive any right that any Party otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, this Protective Order does not affect or waive any Party's right to object on any ground to use in evidence any of the material covered by this Protective Order.

3.    <u>Privileges Not Waived</u>. This Protective Order does not affect or waive any applicable privilege or work product protection, or affect the ability of a Producing Party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

4.     Third Party Protections.  Any witness or other person, firm, or entity from which discovery is sought may be informed of and may obtain the protection of this Protective Order by written notice to the Parties' respective counsel or by oral notice at the time of any deposition or similar proceeding.

5.     Obligations to Third Parties.  Nothing herein shall operate to relieve any Party or non-party from any pre-existing confidentiality obligations currently owed by any Party or non-party to any other Party or non-party.

6.     Retention of Completed "Acknowledgment and Agreement to Be Bound" Forms (Exhibit A).  Completed "Acknowledgement and Agreement to Be Bound" Forms (Exhibit A) ("form") shall be maintained by the Party that obtained the completed form pursuant to this Protective Order.  The Party retaining the completed form shall produce the form to resolve any good faith challenge by a Party or Designating Party or dispute concerning whether a person who is obligated under this Protective Order to complete the form did so properly and complied with the representations in the form and this Protective Order.  If the parties are unable to resolve any such disputes or challenges through a good faith meet and confer process, the challenging Party or Designating Party may seek appropriate relief from this Court.

7.     Privilege Log.  The Parties shall prepare and serve a privilege log of all items not produced to the other Party under this Protective Order, including any redacted documents.

8.     No Judicial Determination. This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as Confidential by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

9.     Public Health and Safety. Nothing in this Order is intended to prevent any Party from raising with the Court any concern that the non-disclosure of certain Protected Material may have a possible adverse effect upon the general public health or safety, or the administration

1    or operation of government or public office.

2

3        IT IS SO STIPULATED this the  6  day of March 2015.

4    **LANGFORD McLETCHIE LLC**                 **MARQUIS AURBACH COFFING**

5

6    By:  /s/ Margaret A. McLetchie, Esq.        By:  /s/ Nick D. Crosby, Esq.
         Margaret A. McLetchie, Esq.                 Nick D. Crosby, Esq.
7        Nevada Bar No. 10931                        Nevada Bar. No. 8996
         616 S. 8th Street                           10001 Park Run Drive
8        Las Vegas, Nevada 89101                     Las Vegas, Nevada 89145
         Attorney for Plaintiff                      Attorney for LVMPD
9

10   IT IS SO ORDERED this  9th  day of March 2015.

11

12                                               _George Foley Jr._____
13                                               United States Magistrate Judge
14

15

16

17

18

19                **\*\*WITH ATTACHMENTS INCLUDED\*\***

20

21

22

23

24

25

26

27

28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

    I, _____, have read in its entirety and understand the Protective Order that was issued by the United States District Court, for the District of Nevada on _____, 2015, in the case of <u>Iacob v. Las Vegas Metropolitan Police Department</u>, Case No. 2:14-cv-00923-JAD-GWF.  I agree to comply with and to be bound by all terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order that any person entity except in strict compliance with the provisions of this Order.  Further, I solemnly promise that I will not offer to sell, advertise or publicize that I have obtained any Protected Material subject to this Protective Order.

    At the conclusion of this matter, I will return all Protected Material which came into my possession to counsel for the party from whom I received the Protected Material, or I will destroy those materials.  I understand that any Confidential Information contained within any summaries of Protected Material shall remain protected pursuant to the terms of this Order.

    I further agree to submit to the jurisdiction of the United States District Court, for the District of Nevada for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

    I certify under the penalty of perjury that the foregoing is true and correct.

Date: _____

City and State where signed: _____

Printed Name: _____

Address: _____

Signature: _____

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT  B**

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**CERTIFICATION BY COUNSEL OF DESIGNATION OF INFORMATION AS CONFIDENTIAL**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| FILIP C. IACOB,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT; AND DOE DEFENDANTS I-X,<br><br>　　　　　　　　　Defendant. | Case No.:　　2:14-cv-00923-JAD-GWF<br><br>**CERTIFICATION BY COUNSEL OF DESIGNATION OF INFORMATION AS CONFIDENTIAL** |

Documents produced herewith, whose Bates numbers have been listed on the attached Confidentiality Log, have been marked as CONFIDENTIAL subject to the Confidentiality Order entered in this action which Order is dated _____, 2015.

By signing below, I am certifying that I have personally reviewed the marked documents and believe, based on that review that they are properly subject to protection under the terms of Paragraph 3 of the Confidentiality Order.

I am a member of the Bar of the United States District Court for the District of Nevada. My Nevada Bar number is _____.

_____
Date

_____
Signature of Counsel

_____
Printed Name of Counsel

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

_____ **'s LOG OF CONFIDENTIAL DESIGNATIONS**

| Date of Production | Bates Number or Other Identifier | Specific Description of Documents or Information | Authority/Basis for Designation |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816