**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FILIP C. IACOB, | ) |
| Plaintiff, | ) Case No. 2:14-cv-00923-JAD-GWF |
| vs. | ) **ORDER** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, | ) |
| Defendant. | ) |

This matter is before the Court on Plaintiff's Memorandum in Support of Attorney's Fees on Motion to Compel (#47), filed on December 30, 2015.  Defendant, Las Vegas Metropolitan Police Department ("LVMPD"), filed its Response (#48) on January 13, 2016 and Plaintiff filed his Reply (#49) on January 22, 2016.

**BACKGROUND**

This matter arises out of Plaintiff's repeated efforts to take the deposition of LVMPD's person(s) most knowledgeable pursuant to Fed. R. Civ. P. 30(b)(6).  On November 9, 2015, Plaintiff filed a Motion to Compel (#38) requesting the Court order LVMPD to designate and make available for testimony its person(s) most knowledgeable.  The Court conducted a hearing in this matter on December 15, 2015, wherein the Court granted Plaintiff's motion to compel, and correspondingly granted Plaintiff's request for attorneys' fees associated with bringing the motion.  *See Order* (#46). Plaintiff filed this Memorandum for Attorney's fees, requesting reimbursement of fees in the amount of $ 3,663.75 related to the motion to compel.

. . .

. . .

**DISCUSSION**

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Plaintiff requests reimbursement of $3,663.75 in attorneys' fees based on 13 hours of work performed in drafting the motion to compel. According to Plaintiff's memorandum, that amount is based on 2.4 hours of work performed by Margaret McLetchie, Esq. at an hourly rate of $425, 1.3 hours of work performed by Alina Shell, Esq. at an hourly rate of $325, 7.8 hours of work performed by Melinda Weaver, Esq. at an hourly rate of $325, and 1.5 hours of work performed by paralegal, Pharan Burchfield, at an hourly rate of $100. Plaintiff asserts that these hourly rates are reasonable considering the skill, experience, and reputation of the attorneys and paralegal who worked on this matter. However, Defendant asserts that Plaintiff's requested rates with regard to Ms. Shell and Ms. Weaver are not appropriate and, instead should be $250 per hour. The Court agrees. Upon review of Plaintiff's memorandum and based on the prevailing market rates in Nevada charged by "lawyers of reasonably comparable skill, experience, and reputation," it appears that an hourly rate of $250 is appropriate with regard to the work performed by Ms. Shell and Ms. Weaver. *See Blum*, 465 U.S. at 895-96. Along those same lines, the Court finds that an hourly rate of $350 is appropriate for the work performed by

Ms. McLetchie and the hourly rate of $100 is reasonable for the work performed by Ms. Burchfield. In addition, the Court finds that 13 hours of attorney labor billed by Plaintiff's counsel on the motion to compel are reasonable.

Thus, based on the reasonable hourly rates discussed above, the Court will award Plaintiff reasonable attorneys' fees associated with bringing the motion to compel in the amount of $840 (2.4hrs x $350), $325 (1.3hrs x $250), $1,950 (7.8hrs x $250), and $150 (1.5hrs x $100) for a total of $3,265.00. The relevant factors are subsumed in this calculation of the reasonable attorneys' fees and costs, and there are no other exception circumstances which warrant enhancement or reduction of the fees. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Memorandum in Support of Attorney's Fees on Motion to Compel (#47) is **granted**. Defendant is ordered to pay Plaintiff the total sum of $3,265.00. Defendant shall make the payment to Plaintiff by **February 12, 2016.**

DATED this 27th day of January, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge